IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN R. DEVOSS and MICHELLE A. DEVOSS, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 4:18-cv-00565-O-BP |
| § | |
| JPMORGAN CHASE BANK, N.A. and BANK OF AMERICA, N.A., § § § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 22) and Brief in Support (ECF No. 23) filed on September 17, 2018. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management on August 20, 2018. (ECF No. 11). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 22) and **DISMISS** Plaintiffs' claims against Chase **with prejudice**.

## BACKGROUND

Plaintiffs John R. and Michelle A. DeVoss ("Plaintiffs") sued Defendants JPMorgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. in their original state court petition for damages allegedly resulting from breach of contract, violations of the Texas Debt Collection Act ("TDCA") and Texas Deceptive Trade Practices Act ("DTPA"), and for wrongful foreclosure. (ECF No. 1-1). They also requested injunctive relief to prevent Chase's foreclosure concerning Plaintiffs' property located at 921 Double Springs Lane, Keller, Texas 76248 (the "Property"). (*Id.*). On July

11, 2018, Chase timely removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1).

Chase filed its first motion to dismiss on July 25, 2018. (ECF No. 5). After the Court granted Plaintiffs an extension to respond, they filed a Motion for Leave of Court to File First Amended Original Complaint ("FAC") on August 22, 2018, (ECF No. 12), which the Court granted on August 31, 2018, (ECF No. 20). Accordingly, Plaintiffs' live pleading is their FAC (ECF No 21).

Plaintiffs initially purchased the Property in June 2002. (*Id.* at3 4). In connection with the purchase, they executed a note in the principal amount of $518,500 and a deed of trust that granted a security interest in the Property to secure repayment of the note in favor of Chase. (*Id.*). Sometime in 2012, Plaintiffs fell behind in repaying the loan and then requested a loan modification from Chase. (*Id.* at 4). Attached to Plaintiffs' FAC is the loan modification agreement entitled "Home Affordable Modification Agreement" ("Modification Agreement") signed by both Plaintiffs on August 23, 2013 and by Chase on September 6, 2013. (*Id.* at 13–24). According to the Modification Agreement, the new principal balance, which included all unpaid and deferred interest, fees, escrow advances, but excluded late unpaid late charges, was $619,948.43. (*Id.* at 15). Apparently though, issues concerning Plaintiffs' performance under the Modification Agreement arose because Chase sought a nonjudicial foreclosure sale of the Property, and Plaintiffs had requested another loan modification. (*Id.* at 4).

Plaintiffs filed the current action, in part, to forestall Chase's foreclosure proceeding. (*Id.* at 4–5). Plaintiffs were successful in obtaining a temporary restraining order ("TRO") in the state court, enjoining the foreclosure sale on July 2, 2018. (ECF No. 1-1 at 24–25). As already mentioned, Plaintiffs amended their complaint in response to Chase's first motion to dismiss. In

their FAC, Plaintiffs allege facts to support (1) a breach of contract claim for Chase's alleged miscalculation of interest under the Modification Agreement, (2) a violation of Texas Property Code § 51.002 for Chase's alleged failure to provide Plaintiffs with proper notice of the foreclosure sale, (3) a statutory fraud claim for certain misrepresentations allegedly made by Chase before execution of the Modification Agreement, and (4) a violation of the TDCA for Chase allegedly "threatening to take action prohibited by law, namely, to take action . . . for non-judicial foreclosure . . . without providing the requisite notice[.]" (*Id.* at 5–9). Missing from the FAC are claims for wrongful foreclosure and for violation of the DTPA. Thus, those claims are no longer before the Court. *McZeal v. Deutsche Bank Nat'l Tr. Co*., 726 F. App'x 968, 971 (5th Cir. 2018) (per curiam) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")).

Chase filed the instant motion to dismiss Plaintiffs' FAC on September 17, 2018. (ECF No. 22). Plaintiffs timely filed their response with attachments that included the affidavit of Plaintiff John R. DeVoss concerning, among others, Plaintiffs' lack of notice of Chase's nonjudicial foreclosure of the Property and another copy of the Modification Agreement. (ECF No. 26). Chase timely replied. The motion is now ripe for decision.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir.

1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

## ANALYSIS

### I.     Plaintiffs did not properly support their breach of contract claim.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)).

Chase contends that because Plaintiffs have not specified any contractual provision that it allegedly breached, the breach of contract claim fails as matter of law. Plaintiffs' FAC alleges that Chase failed and refused, without justification, to "properly calculate the *interest rate*" pursuant to the Modification Agreement, and that this miscalculation has led to inaccurate monthly payments. (ECF No. 21 at 6) (emphasis added). Plaintiffs' allegations fail to specify which provisions of the Modification Agreement included the calculation of interest, much less how Chase miscalculated it. As Chase observes, section three of the Modification Agreement specifies that the interest rate for the first five years is 2.000% with a monthly principal and interest payment of $1,950.76. (ECF

No. 21 at 16). After the first five years, the applicable interest rate increases with a corresponding increase in monthly principal and interest due. (*Id.*).

The undersigned notes that there is no need for a calculation of the interest rate under the Modification Agreement. Although the interest rate varies throughout the duration of the Modification Agreement, the interest rate as applied is fixed by the terms of the agreement. (*Id.*) (2.000% for years 1-5, 3.000% for year 6, 4.000% for year 7, and 4.375% for years 8-19). Further, the Plaintiffs filed suit on July 2, 2018, which is before the interest rate was set to increase to 3.000% on August 1, 2018. Thus, Plaintiffs' FAC fails to provide a plausible factual basis as to how Chase improperly calculated the interest rate of 2.000%. To the extent Plaintiffs claim that Chase miscalculated the principal and interest due during the applicable time frame, this argument would also fail. Plaintiffs have not alleged any plausible inconsistency between the monthly principal and interest payment owed and the scheduled principal and interest due under the Modification Agreement. Thus, Plaintiffs' breach of contract claim should be dismissed.

Plaintiffs' breach of contract claim should be dismissed on the alternative basis that Plaintiffs have failed to allege their own performance under the Modification Agreement. "[P]laintiff[s] must allege [their] own performance, because 'a party to a contract who [are] [themselves] in default cannot maintain a suit for its breach.'" *Villarreal*, 814 F.3d at 767 (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). In *Villareal*, the United States Court of Appeals for the Fifth Circuit upheld the district court's dismissal under 12(b)(6) of a breach of contract claim in which the plaintiff had not pleaded facts supporting performance of the contract on the plaintiff's part. *Id.* Here, Plaintiffs alleged only a conclusory statement that they "fully performed all of the conditions precedent to enforcing the terms of [their] contract with [Chase]." (ECF No. 21 at 6). And the FAC is devoid of any plausible allegations that Plaintiffs performed

6

under the Modification Agreement. Accordingly, Plaintiffs' breach of contract claim also should be dismissed on this basis.

**II.     Plaintiffs' claim for violation of the Texas Property Code should be dismissed because receipt of notice under § 51.002 is not required and no foreclosure sale occurred.**

Plaintiffs allege that Chase "intentionally, knowingly, or with intent to defraud, intended to sell Plaintiffs' property without first providing the requisite notice" in violation of § 51.002 of the Texas Property Code. (ECF No. 21 at 7). In their response to Chase's Motion to Dismiss, Plaintiffs clarified this claim by stating that they "did not *receive* notice of Defendant Chase's intent to foreclose on the property within twenty-one days of the intended date of non-judicial foreclosure as required under Texas Property Code § 51.002." (ECF No. 26 at 6–7) (emphasis added). But section 51.002(b) of the Texas Property Code does not require that Plaintiffs actually receive the foreclosure sale notice. It requires only that notice of the foreclosure sale must be given by (1) posting at the courthouse door of each county where the property is located, (2) filing in the office of the county clerk of each county where the property is located, and (3) serving written notice of the sale by certified mail. Tex. Prop. Code Ann. § 51.002(b) (West Supp. 2018). Moreover, section 51.002(e) states that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e). Thus, Plaintiffs need not actually receive the notice under section 51.002(b) for service to be completed. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (stating section 51.002(e) of the Texas Property Code does not require Plaintiff to receive the foreclosure notice). Thus, Plaintiffs' allegation that they did not receive notice of the foreclosure sale fails to state a claim upon which relief may be granted.

7

Further, Chase contends that because no foreclosure sale has occurred, Plaintiffs' claim under the Texas Property Code is fatally flawed. (ECF No. 23 at 5). Chase's contention is well-founded. *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 407 (5th Cir. 2017) (per curiam). Here, it is undisputed that no foreclosure sale has occurred because the foreclosure sale has been enjoined, and Plaintiffs seek in their FAC injunctive relief to enjoin the foreclosure sale once the TRO has lapsed. Thus, Plaintiffs' claim under the Texas Property Code should be dismissed because Plaintiffs cannot and have not plausibly alleged that a foreclosure sale has occurred. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014).

### III. Plaintiffs' claim for violation of the TDCA should be dismissed because they have pleaded insufficient facts to show that a violation of the TDCA has occurred or that they have sustained actual damages as a result.

To state a claim under the TDCA, Plaintiffs must allege facts showing: (1) the debt is a consumer debt; (2) Chase is a debt collector within the meaning of the TDCA; (3) Chase committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiffs; and (5) Plaintiffs were injured as result of Chase's wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). Here, Plaintiffs allege that (1) Chase is a debt collector by virtue of its status as a creditor who executed the loan, note, and Modification Agreement; (2) Plaintiffs never received proper notice of the foreclosure sale as required by § 51.002 of the Texas Property Code; (3) thus, Plaintiffs' attempt to sell the Property was a threat to take action prohibited by law; and (5) Plaintiffs suffered actual, incidental, and consequential damages, including mental anguish as a result. (ECF No. 21 at 8–9).

Plaintiffs' TDCA claim is defective for several reasons. First, Plaintiffs failed to specify which provision of the TDCA Chase allegedly violated. Although courts have held that vague references to sections or provisions of the TDCA are insufficient to overcome dismissal under

8

Rule 12(b)(6), *see, e.g.*, *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013), a "complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quotation omitted). Here though, Plaintiffs merely allege that the claims listed above somehow create liability for Chase under the TDCA. (ECF No. 21 at 9). However, without some guidance from Plaintiffs as to which provision of the TDCA Chase has violated, Plaintiffs' allegations do not afford fair notice of the claims being asserted against Chase. *Platero v. Bank of Am., N.A.*, No. 3:11-CV-3421-M, 2012 WL 2368465, at *3 (N.D. Tex. May 25, 2012) (finding dismissal under Rule 12(b)(6) proper where a plaintiff's amended petition made general claims that "Defendants' aforesaid actions" violated the TDCA and did not specify which of the numerous provisions contained in the TDCA Defendants violated).

Second, even if Plaintiffs' allegations were sufficient to state a claim for violations of the TDCA, as discussed above, section 51.002(b) of the Texas Property Code does not require that Plaintiffs actually receive the requisite foreclosure notice for service to be effective. Thus, Plaintiffs' contention that Chase's attempt to foreclose on the Property was a threat to take action prohibited by law is unavailing. Further, "[t]he TDCA does not prevent a debt collector from 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings[.]'" *Johnson*, 999 F. Supp. at 933 (quoting Tex. Fin. Code Ann. § 392.301(b)(3) (West 2016)). Other than Plaintiffs' allegation that they did not receive the required notice of foreclosure, Plaintiffs have failed to allege facts showing that Chase had no right to institute the nonjudicial foreclosure sale of the Property. Absent plausible allegations of wrongful conduct, Plaintiffs have failed to state a claim upon which relief may be granted.

Lastly, Plaintiffs have not pleaded facts to support that they suffered actual damages resulting from Chase's alleged TDCA violation. A person may sue under Chapter 392 for "(1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Tex. Fin. Code Ann. § 392.403 (West 2016). Here, because the state court enjoined Chase's foreclosure of the Property, the foreclosure sale never occurred. Further, Plaintiffs have not alleged or argued that they no longer possess the Property. Thus, Plaintiffs' allegations that they suffered actual, incidental, and consequential damages as a result of a violations of the Texas Property Code are not supportable. *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *8 (N.D. Tex. Apr. 18, 2018), *adopted by*, No. 3:17-CV-723-B-BN, 2018 WL 2150960 (N.D. Tex. May 10, 2018). Consequently, Plaintiffs have not alleged actual damages and dismissal is appropriate. *See, e.g., Smith v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 3:15-CV-3582-L, 2017 WL 4698471, at *6 (N.D. Tex. Oct. 19, 2017) (dismissing a claim brought under TDCA § 392.308(a) because the plaintiffs did not plead actual damages); *Whatley v. AHF Fin. Services, LLC*, Civ. A. No. 4:11-CV-488, 2012 WL 7159707, at *4–5 (E.D. Tex. Dec. 17, 2012), *adopted by*, Civ. A. No. 4:11-CV-488, 2013 WL 617050 (E.D. Tex. Feb. 19, 2013) (recommending summary judgment be granted for the defendants where plaintiff pleaded no actual damages for violations of TDCA § 392.304(a)).

Because Plaintiffs have pleaded no facts that state a violation of the TDCA and they have not pleaded actual damages, the undersigned recommends that their TDCA claim be dismissed.

**IV.     Plaintiffs have not properly pleaded a statutory fraud claim.**

Plaintiffs assert a claim for fraud in real estate and stock transactions under section 27.01 of the Texas Business and Commerce Code. (ECF No. 21 at 7–8). Chase moves for dismissal because the Modification Agreement is not a transaction involving the sale of real estate and is, therefore, outside the scope of the statute. (ECF No. 23 at 4–5). Alternatively, Chase contends that Plaintiffs' statutory fraud claim is barred by limitations. (*Id.* at 5). Curiously, Plaintiffs have failed to respond to any of Chase's arguments in this section.

> Section 27.01(a) states:
>
> Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a
>
> (1) false representation of a past or existing material fact, when the false representation is
>
>> (A) made to a person for the purpose of inducting that person to enter into a contract; and
>>
>> (B) relied upon by that person in entering into that contract.

Tex. Bus. & Com. Code Ann. § 27.01(a)(1) (West 2015). By its terms, the statute only applies to fraud in real estate or stock transactions. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008).

Plaintiffs allege that Chase made representations "concerning the interest rate," the principal balance of the loan after "past due payments were rolled in," and the "type of detailed accounting that Defendants would maintain and share with Plaintiffs." (ECF No. 21 at 7). Plaintiffs allege that Chase's representations were false, deceptive, misleading, and potentially unconscionable because the original note executed in 2002 had a principal amount of $505.000.00, but after the Modification Agreement was executed, the principal amount was nearly $620,000.00 despite Plaintiffs having made monthly payments for nearly eleven years. (*Id.*). Plaintiffs contend

that they justifiably relied on these false representations and were induced by them to enter into the Modification Agreement. (*Id.* at 8). But these allegations do not plausibly show that Chase induced Plaintiffs to enter into a transaction for the transfer of real estate or stock, because "[a] loan transaction, even if secured by land, is not considered to come under [§ 27.01]." *Dorsey*, 540 F.3d at 343 (5th Cir. 2008) (quoting *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet. denied)). Thus, Plaintiffs' inference that Chase made misrepresentations about the amount of the principal balance in connection with the Modification Agreement does not involve the sale of real estate. Accordingly, Plaintiffs' statutory fraud claim should be dismissed.

Even if the transaction between Plaintiffs and Chase had contemplated a sale of real estate, the Plaintiffs' claim still would fail because it does not meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (applying Rule 9(b)'s heightened pleading standard to claims for common-law fraud, statutory fraud, and negligent misrepresentation). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Id.* (quotation omitted). Here, Plaintiffs' FAC is virtually devoid of any detailed individual allegations concerning the principal balance amount that was rolled into the Modification Agreement. Thus, Plaintiffs have failed to state a claim for statutory fraud.

Alternatively, Chase argues that Plaintiffs' statutory fraud claims are barred by the statute of limitations. (ECF No. 23 at 5). In Texas, the limitations period for statutory fraud is four years. *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West 2002)). The limitations period begins to run "when the plaintiff knows, or, in the exercise of reasonable diligence, should have known, of the defendants' alleged fraudulent conduct." *Superior Air Parts, Inc. v. Kubler*, No. 3:14-CV-3492-D, 2015 WL 567223, at *10 (N.D. Tex. Feb. 11, 2015) (citing *Val-Com Acquisitions Tr. v. Bank of Am., N.A.*, No. 4:10-CV-421, 2011 WL 4591959, at *4 (E.D. Tex. Sept. 30, 2011)). Here, the latest time a misrepresentation could have been made concerning the principal balance amount of Plaintiffs' loan is the date the Modification Agreement was signed. The Modification Agreement was signed by both Plaintiffs on August 23, 2013 and by Chase on September 6, 2013. (ECF No. 21 at 20–21). Plaintiffs filed their original petition on July 2, 2018. (ECF No. 1-1 at 6). This is four years and ten months after the signing of the Modification Agreement. Further, Plaintiffs have neither alleged nor argued in their response facts to indicate that they are entitled to equitable tolling. Accordingly, Plaintiffs' statutory fraud claim is time-barred and should be dismissed.

**V.    Plaintiffs' FAC should be dismissed with prejudice.**

As mentioned above, Plaintiffs' state court petition alleged a claim for breach of contract, violations of the TDCA and DTPA, and for wrongful foreclosure. In response to Chase's first motion to dismiss, Plaintiffs asked leave of court to file their FAC, which abandoned their DTPA and wrongful foreclosure claims and replaced them with claims for violations of the Texas Property Code § 51.002 and for statutory fraud. Plaintiffs have already had an opportunity to amend their breach of contract and TDCA claims. Thus, it appears that Plaintiffs have stated their best case for those claims. As to Plaintiffs' section 51.002 and statutory fraud claims, they should

be dismissed with prejudice because any further amendment would be futile. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Accordingly, all of Plaintiffs' claims should be dismissed with prejudice.

### VI. Plaintiffs' request for injunctive relief should be dismissed with the underlying cause of action.

"[A]n injunction is a remedy that must be supported by an underlying cause of action . . . ." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam). The undersigned's recommendation that the Plaintiffs' claims be dismissed also should result in dismissal of its claim for injunctive relief. Accordingly, Plaintiffs' claim for injunctive relief should be denied.

### CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 22) and **DISMISS** Plaintiffs' claims against Chase **with prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    Signed January 22, 2019.

                                                  _____
                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE