IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN R. DEVOSS and MICHELLE A. DEVOSS, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 4:18-cv-00565-O-BP |
| § | |
| JPMORGAN CHASE BANK, N.A. and BANK OF AMERICA, N.A., § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs John R. and Michelle A. DeVoss ("Plaintiffs") originally filed this case in the 153rd District Court of Tarrant County, Texas on July 2, 2018. (ECF No. 1-1). They sued Defendants JPMorgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("BOA") for damages allegedly resulting from breach of contract, violations of the Texas Debt Collection Act and Texas Deceptive Trade Practices Act, and for wrongful foreclosure. (*Id.*). Chase timely removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1). On July 25, 2018, Chase filed its first motion to dismiss. (ECF No. 5). Plaintiffs responded to Chase's motion to dismiss and filed a motion for leave to file their first amended complaint. (ECF Nos. 12, 13). The Court granted Plaintiffs' motion and directed the Clerk of the Court to file Plaintiffs' first amended complaint on August 31, 2018. (ECF No. 20). Plaintiffs' first amended complaint continued to list BOA as a defendant. (*See* ECF No. 21).

Chase filed its second motion to dismiss Plaintiffs' first amended complaint on September 17, 2018. (ECF No. 22). On January 22, 2019, the undersigned recommended to United States District Judge Reed O'Connor that Plaintiffs' claims against Chase be dismissed with prejudice

for failure to state a claim upon which relief may be granted. On the same day, noting that BOA had not been properly served or appeared in the case, the Court ordered Plaintiffs to show cause why the case should not be dismissed as to BOA for failure to perfect service of process. (ECF No. 28). The Court warned Plaintiffs that failure to comply with the Court's order may result in the Court recommending dismissal of their action against BOA without further notice pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Despite the Court's order and admonition, Plaintiffs have not responded to the Court's order.

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** without prejudice Plaintiffs' claims against Bank of America, N.A. pursuant to Fed. R. Civ. P. 4(m).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed February 12, 2019.

                                                  _____
                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE